UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT SCOTT PROUTY,

      Petitioner,

v.                                          Case No.:  2:24-cv-1101-SPC-NPM

WARDEN, LEE COUNTY JAIL,

      Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Robert Scott Prouty's Petition for Writ of Habeas Corpus.  (Doc. 1).  Prouty is detained in the Lee County Jail on an out-of-state fugitive warrant.  He challenges his arrest and confinement in case number 24-CF-900124W, claiming there was no probable cause for the arrest warrant and the arresting officers failed to advise him of his *Miranda* rights.  The state court docket reflects Prouty's criminal case remains pending.

As a preliminary matter, the Petition is not cognizable under § 2254 because, as a pretrial detainee, Prouty is not "in custody pursuant to the judgment of a State court."   28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003).  Consequently, because Prouty is a pretrial detainee, the Court construes the Petition as being brought under § 2241.

*Medberry*, 351 F.3d at 1060 (discussing the differences between § 2254 and § 2241 and applying § 2241 to pretrial detainees); *see also Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004).   Nonetheless, Prouty is not entitled to relief under § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court.   *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners."   *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings.   *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings).   Prouty argues the Court should overlook the abstention principle because he is not satisfied with his state-appointed attorney or the responsiveness of the state court.   The Court does not find these circumstances sufficient to overcome *Younger*.   Nor do they warrant application of a recognized exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[1]

---

[1] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."   *Ibid*.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Because Prouty is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability.   It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Prouty must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36.   Prouty has not made the requisite showing.

Accordingly, it is now

3

**ORDERED:**

1.  Robert Scott Prouty's Petition under 28 U.S.C. § 2241 (Doc. 1) is

    **DISMISSED without prejudice**.

2.  The Clerk is **DIRECTED** to terminate all pending motions and

    deadlines, enter judgment, and close this file.

3.  Prouty is not entitled to a certificate of appealability.

    **DONE** and **ORDERED** in Fort Myers, Florida on December 4, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:      FTMP-1
Copies:   All Parties of Record